DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Sandusky Court of Common Pleas, in which the trial court granted summary judgment to appellee, Mutual Service Insurance Company, and denied a cross-motion for summary judgment filed by appellant, Robert Musser, in a dispute over whether appellant was entitled to uninsured/underinsured motorists coverage under his employer's insurance policy. For the following reasons, we affirm the judgment of the trial court.
 {¶ 2} The relevant, undisputed facts are as follows. On March 15, 2000, appellant, an employee of Luckey Farmers, Inc. ("Luckey Farmers"), sustained injuries in an automobile accident. At the time, appellant was acting within the scope of his employment in his home state of Florida. Appellant was operating his own automobile, a 1996 Ford Mustang.
 {¶ 3} Appellant made a claim for uninsured motorist benefits ("UM benefits") through both a commercial automobile insurance policy and an excess liability ("umbrella") policy issued to Luckey Farmers by Mutual Service Insurance Company ("Mutual"). Coverage was denied and, on March 28, 2003, appellant filed the complaint herein.[1]
 {¶ 4} On January 9, 2004, Mutual filed a motion for summary judgment and a memorandum in support, in which it denied liability for appellant's injuries because, at the time of the accident, appellant was not operating a vehicle owned by Luckey Farmers. On February 23, 2004, appellant filed a combined reply and cross-motion for summary judgment, in which he argued that, pursuant to the terms of Luckey Farmers' commercial policy, coverage is available to all injured employees who are acting in the scope of employment, whether or not they are operating an employer-owned vehicle. Appellant further argued that, since coverage is available under the commercial policy, it is also available under the umbrella policy.[2] On March 18, 2004, Mutual filed a response.
 {¶ 5} On May 25, 2005, the trial court filed a judgment entry in which it found employees of Luckey Farmers are entitled to UM coverage under the Mutual policy only if they are acting within the scope of employment and operating a "covered vehicle" as defined in the policy. Therefore, although appellant was undisputedly acting on behalf of Luckey Farmers at the time of the accident, he is not entitled to UM coverage because he was driving his own personal vehicle. Based on these findings, the trial court granted Mutual's motion for summary judgment and denied appellant's cross-motion for summary judgment. A timely notice of appeal was filed on July 1, 2005.
 {¶ 6} On appeal, appellant sets forth the following assignment of error:
 {¶ 7} "I. The trial court erred to the prejudice of the plaintiff when it granted defendant Mutual Service Insurance Company's motion for summary judgment and denied the plaintiff's cross motion for summary judgment."
 {¶ 8} We note at the outset that an appellate court reviews a trial court's granting of summary judgment de novo, applying the same standard used by the trial court. Lorain Natl. Bank v.Saratoga Apts. (1989), 61 Ohio App.3d 127, 129; Grafton v. OhioEdison Co. (1996), 77 Ohio St.3d 102, 105. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
 {¶ 9} Keeping the above standard in mind, we will now examine relevant portions of the Mutual policy. The policy contains an endorsement titled "Ohio Uninsured Motorists Coverage — Bodily Injury." Paragraph A of the endorsement states, in relevant part:
 {¶ 10} "1. We [Mutual] will pay all sums the `insured' is legally entitled to recover as compensatory damages from the owner or operator of:
 {¶ 11} "a. An `uninsured motor vehicle' * * * because of `bodily injury':
 {¶ 12} "(1) Sustained by the `insured'; and
 {¶ 13} "(2) Caused by an `accident'. * * *"
 {¶ 14} Paragraph B defines an "insured" as:
 {¶ 15} "1. You.
 {¶ 16} "2. If you are an individual, any `family member'.
 {¶ 17} "3. Anyone else `occupying' a covered `auto' * * *.
 {¶ 18} "4. Anyone for damages he or she is entitled to recover because of `bodily injury' sustained by another `insured.'"
 {¶ 19} The policy's Business Auto Coverage Form defines the terms "you" and "your" as "the Named Insured shown in the Declarations. * * *." Item one of the policy Declarations designates Lucky Farmers, Inc. as the "Named Insured."
 {¶ 20} In Scott-Pontzer v. Liberty Mut. Fire Ins. Co.
(1999), 85 Ohio St.3d 660, the Ohio Supreme Court held that "uninsured motorist coverage * * * was designed * * * to protect persons, not vehicles." Id. at 664. Accordingly, where the insured is a corporate entity, and the policy of insurance defines an "insured" only as "you," the policy language is ambiguous, and the contract will be construed to include coverage for employees. Id. at 665. However, the rule articulated inScott-Pontzer was later modified in Westfield Ins. Co. v.Galatis (2003), 100 Ohio St.3d 216. Pursuant to Galatis, in the absence of language to the contrary, employees of a corporation who are not listed as "Named Insureds" are entitled to UM benefits only if, at the time of the accident, they were acting within the scope of employment. Id., at paragraph two of the syllabus.
 {¶ 21} Appellant correctly argues on appeal that, since he was acting on behalf of his employer at the time of the accident, he is arguably entitled to UM coverage. However, appellee argues that appellant does not qualify as an "insured" for purposes of receiving UM benefits because the vehicle appellant was driving at the time of the accident is not a "covered auto" under the Mutual policy. We agree.
 {¶ 22} In American Manufacturers Mut. Ins. Co. v. Kurtz,
7th Dist. No. 04 MA 53, 2005-Ohio-6452, Jerry Kurtz, an employee of Schwebel Baking Co., was injured while working on a commercial vehicle that was formerly owned by Kurtz's employer, Schwebel Baking Co. ("Schwebel"). Kurtz collected $50,000 from the tortfeasor, and then sought UM coverage from Schwebel, which had a business auto policy through American Manufacturers Mutual Insurance Company ("American"). The policy contained a UM coverage endorsement which stated that, if the "Named Insured" is a corporation, coverage is extended to those individuals who are "`occupying' a covered `auto'" when an accident occurs. "Covered autos" were defined, for purposes of UM coverage, as "Owned `autos' only." It was undisputed that Schwebel was not the owner of the vehicle that injured Kurtz.
 {¶ 23} American refused coverage and filed a suit for declaratory judgment in the Mahoning County Court of Common Pleas. The trial court ultimately held that Kurtz was entitled to UM coverage under the American policy as a matter of law, and granted summary judgment to Kurtz on that issue. Schwebel appealed.
 {¶ 24} After reviewing other cases in which contractual limitations were upheld by Ohio courts, the Kurtz court upheld the validity of a contractual limitation on UM coverage to only "covered autos." Id., at ¶ 65. (Other citations omitted.) The court concluded that UM coverage was not available to Kurtz under the American policy, because the vehicle that injured Kurtz did not fit the policy definition of a "covered auto." Id.
 {¶ 25} Similarly, in this case, Paragraph C of the UM endorsement to the Mutual policy excludes coverage in five instances, including:
 {¶ 26} "* * *
 {¶ 27} "5. `Bodily Injury' sustained by:
 {¶ 28} "a. You while `occupying' or when struck by anyvehicle owned by you that is not a covered `auto' for Uninsured Motorists Coverage under Coverage Form * * *." (Emphasis added.)
 {¶ 29} Item Two of the Mutual policy Declarations lists ten types of "covered autos." However, only vehicles designated with coverage symbol "2" are described as "covered autos" for purposes of UM coverage. Section I of the Business Coverage Form describes vehicles designated with the coverage symbol "2" as "Only those `autos' you own * * *."[3] Item Three of the policy Declarations, "Schedule of Covered Autos You Own * * *," lists 101 separate trucks, tractors, and other commercial-type vehicles owned by Luckey Farmers, none of which was ever owned by appellant.
 {¶ 30} This court has reviewed the entire record that was before the trial court and, upon consideration thereof, finds the Mutual policy clearly and unambiguously limits UM coverage to those employees who, at the time of an accident, are both acting within the scope of employment and occupying a "covered auto." We further find the term "covered auto" refers only to the 101 vehicles owned by Luckey Farmers and listed in Item Three of the policy Declarations. Accordingly, since it is undisputed that appellant was not occupying a "covered auto" as defined in the policy, the trial court did not err by finding he is not entitled to UM coverage under either the Mutual policy or the umbrella policy.
 {¶ 31} On consideration whereof, this court finds no other genuine issue of fact remains. Accordingly, after considering the evidence presented in the light most favorable to appellant, appellee is entitled to summary judgment as a matter of law. Appellant's sole assignment of error is not well-taken.
 {¶ 32} The judgment of the Sandusky County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Sandusky County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Parish, J. concur.
[1] The original complaint named Luckey Farmers, Inc. and Luckey Farmers Commodities, Inc. as defendants. On May 1, 2003, it was amended to include Mutual as a defendant. Later, all defendants except Mutual were dismissed, leaving Mutual as the only defendant and the only appellee in this appeal.
[2] It is undisputed that there is no liability under the umbrella policy unless appellant is entitled to UM coverage under the commercial policy.
[3] The symbol "2" also refers to vehicles "[you] acquire ownership of after the policy begins." However, for an after-acquired vehicle to qualify for UM insurance, it must be "of the type described" in the Declarations.